J-S22002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLIE SPEIGHTS | : | |
| | : | |
| Appellant | : | No. 1129 EDA 2025 |

Appeal from the PCRA Order Entered March 28, 2025
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0000767-1998

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:               **FILED AUGUST 13, 2026**

Allie Speights appeals from the order of the Court of Common Pleas of Delaware County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Speights asserts that he satisfied the newly discovered fact exception to the PCRA's time bar. After careful review, we affirm.

The PCRA court summarized the factual history pertinent to the instant appeal.

> In 1998, [] Speights was convicted of murder of the first degree when Alonzo Garvin died after [] Speights shot him. The murder occurred approximately two weeks following [] Speights' eighteenth birthday, and on February 17, 1999[, ] Speights was sentenced to a term of life imprisonment without parole. [] Speights filed an appeal which was denied, and then embarked on a repetitive cycle of filing PCRA petitions followed by an appeal from the orders dismissing them. In total, [] Speights has filed nine unsuccessful PCRA petitions. The most recent PCRA petition, which was filed on August 8, 201[8,] and dismissed on May 28, 2025[,] following an evidentiary hearing, is the focus of this

appeal. The . . . August 6, 2018[,] PCRA petition was filed by Max Orentstein, Esquire in the wake of the U.S. Supreme Court decisions ***Miller v. Alabama***, 567 U.S. 460 (2012) and ***Montgomery v. Louisiana***, 577 U.S. 190 (2016). The petition requested [] Speights be resentenced in accordance with the change in the law even though these cases were inapplicable to [] Speights case in view of the fact he was eighteen years of age on the day he committed murder of the first degree. On September 27, 2022[, ] Speights filed an amendment alleging there was an offer in the case never conveyed to him by trial counsel Gerald Alston, and if the offer had been conveyed, he would have accepted it; and urging the PCRA court to permit [] Speights to be resentenced in accordance with the terms of the plea deal. [The amended petition included an affidavit from the lead homicide detective, George Rhoades, that stated in 1998 he reached out to the victim's family to gauge whether they would agree to a plea offer being made to Speights. Detective Rhoades stated that he would not have done so unless instructed by the District Attorney's Office, although he did not remember receiving any instructions.] On May 31, 2024[, ] Speights filed another amendment requesting the PCRA court resentence him in accordance with the "emerging adult" doctrine, which is gaining recognition and acceptance in a growing number of jurisdictions even though it is not recognized or accepted or the law in Pennsylvania. On August 29, 2024[,] and October 23, 2024[,] the PCRA court held an evidentiary hearing.

PCRA Court Opinion, 11/20/25, at 1-2.

At the October 23, 2024, evidentiary hearing, Speights, his father, trial counsel, and the lead prosecutor, assistant district attorney Salvatore Astolfi, testified. Detective Rhoades was scheduled to testify but apparently was ill and did not appear. ***See*** N.T., 10/23/24, at 124.

Speights' father testified that, before trial, trial counsel told him that there was a plea offer of 20 to 40 years and that he emphatically rejected it and told trial counsel not to mention it to Speights. ***See id.*** at 22-23. He

testified that even though he was always aware that a plea offer existed, he did not inform Speights until 2016. *See id.* at 40.

Trial counsel testified that, during a break in trial, the prosecutor made an offer of third degree murder with a negotiated sentence of 20 to 40 years. *See* N.T., 10/23/24, at 52-53. Further, he testified that he discussed the plea offer with Speights and Speights rejected the offer. *See id.* at 54-56. Additionally, he testified that a plea offer was never made prior to trial and that he never informed Speights' father of a plea offer prior to trial. *See id.* at 61-64.

Speights testified that he was never informed, at any time, of a plea offer. *See id.* at 75, 78, 89. He later testified that, when they went into the court room for a jury question during deliberations, his trial counsel briefly mentioned that a plea deal was offered, but told him "don't worry about it." *Id.* at 107.

Attorney Astolfi testified that he was the only prosecutor assigned to the case, and that he was confident that an offer was never made because he did not recall one and it was not noted in the case file as was required and his practice. *See id.* at 115-17. Further, he testified that he did not recall any conversations with his supervisor, which would have been a prerequisite to extending an offer to defense counsel. *See id.* at 118. He had no recollection or documentation of making an offer to defense counsel during trial. *See id.* at 119-20. Additionally, he testified that he did not instruct Detective Rhodes

to speak with the victim's family about a plea offer but "[i]t's possible he could have had that discussion in anticipation of the possibility of negotiations[.]" *Id.* at 121.

On March 28, 2025, the PCRA court dismissed Speights' petition as untimely. In a brief order, the PCRA court stated

> this court is constrained to conclude [Speights] did not demonstrate the petition was timely filed or prove any of the enumerated exceptions in 42 Pa.C.S.[A.] § 9545(b)(1). Notwithstanding this conclusion, and in an abundance of caution, [the PCRA] court concomitantly reviewed and considered whether [Speights] would be entitled to relief under the PCRA in view of the intrinsic issues raised during the PCRA proceedings, including: 1) whether prior to or during the jury trial the Commonwealth presented an offer for a negotiated plea, and if so whether counsel was ineffective for failing to present the offer to [Speights], and 2) whether [Speights] is entitled to resentencing in accordance with "emerging adults" research and its recognition in other jurisdiction[s]. As a result of this review and consideration, this court is constrained to conclude [Speights] did not prove by a preponderance of the evidence these issues under the current law in Pennsylvania and [Speights] is not entitled to relief under the PCRA.

Order, 3/28/25, at 2-3 (footnote omitted). The order also contained a footnote that suggested that Speights apply for clemency with the Board or Pardons and that the PCRA court would support any such application. *See id.* at 3 n.3.

Speights appealed. Both the PCRA court and Speights complied with Pennsylvania Rule of Appellate Procedure 1925.[1] *See* Pa.R.A.P. 1925(a)-(b).

_____

[1] Speights was represented by counsel at the PCRA proceedings. On appeal, he expressed his desire to proceed *pro se*. We ordered the PCRA court to conduct a *Grazier* hearing. *See* Order, 5/29/25; Order, 6/17/25. After a
*(Footnote Continued Next Page)*

Speights raises the following issues, which we have reordered for ease of disposition:

> 1. Did the PCRA Court err in its timeliness analysis by failing to properly apply the "newly discovered facts" exception under 42 Pa.C.S.[A.] § 9545(b)(1)(h), and by disregarding the case-specific "reasonable diligence" standard required by **Commonwealth v. Blakeney**?
>
> 2. Did the PCRA Court err by making an unsupported credibility determination dismissing the corroborative affidavit of Detective Rhoades without a factual basis, thereby ignoring material evidence central to [Speights'] constitutional claims?
>
> 3. Did the PCRA Court err in rejecting [Speights'] claim of ineffective assistance of trial counsel for failing to communicate a plea offer, despite testimony and newly discovered evidence substantiating the claim, in violation of **Lafler v. Cooper** and **Strickland v. Washington**?
>
> 4. Did the PCRA Court commit reversible error by dismissing [Speights'] petition without issuing mandatory findings of fact and conclusions of law after an evidentiary hearing, in violation of Pa.R.Crim.P. 908 and **Commonwealth v. Montalvo**?
>
> 5. Did the PCRA Court err by abdicating its judicial role and violating due process when it suggested executive clemency as an alternative to adjudicating [Speights'] constitutional claims on the merits?

Appellant's Brief, at 10.

---

hearing, the PCRA court issued an order finding that Speights knowingly, voluntarily, and intelligently waived his right to counsel and should be allowed to proceed *pro se*. **See** Order, 10/2/25. Thereafter, he filed his brief *pro se*. However, Speights then retained counsel, who filed a reply brief on his behalf. Attached to the reply brief is a supplemental affidavit from Detective Rhoades, dated July 10, 2026, which reiterates his prior statements and states that "[i]f I had been called to testify, I would have been ready, willing, and able to do so. I remain ready, willing, and able to testify."

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (internal quotation marks and citations omitted). "It is an appellant's burden to persuade us that the PCRA court erred, and that relief is due." *Commonwealth v. Skundrich*, 327 A.3d 218, 221 (Pa. Super. 2024) (citation omitted).

"The PCRA timeliness requirements are jurisdictional in nature." *Commonwealth v. Mickeals*, 335 A.3d 13, 20 (Pa. Super. 2025) (citation omitted). In other words, "[n]o court has jurisdiction to review an untimely PCRA petition." *Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) (citation omitted). A PCRA petition is facially untimely if not filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1), (3). Speights was convicted in 1998, this Court affirmed his judgment of sentence on June 5, 2000, and our Supreme Court denied his petition for allowance of appeal on October 25, 2000, making his judgment of sentence final on January 23, 2001, when his time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* U.S. Sup.Ct. Rule 13. Therefore, Speights' instant PCRA petition, filed on August 8, 2018, is clearly facially untimely.

The PCRA sets forth certain exceptions to the timeliness requirements. For a facially untimely PCRA petition, the petitioner must plead and prove one of the following exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). "It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." *Mickeals*, 335 A.3d at 20 (brackets and citation omitted). "[I]f a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims." *Id.* (citation omitted).

In his first two issues, Speights challenges the PCRA court's conclusion that his petition was untimely and that the affidavit of Detective Rhoades failed to prove a timeliness exception. He argues that his petition was timely because he satisfied the newly discovered fact exception where, according to him,

Detective Rhoades' affidavit establishes and corroborates his claim that a plea offer was made but he was unaware. *See* Appellant's Brief, at 36-37. Relatedly, he claims that the PCRA court erred by disregarding Detective Rhoades' affidavit. *See id.* at 40-44. The Commonwealth argues that Speights failed to establish that he exercised due diligence because Speights knew all relevant parties and testified that his trial counsel made a passing reference to a plea deal during deliberations, which should have alerted him to look further into the matter. *See* Appellee's Brief, at 21-24. Also, the Commonwealth points out that "[t]he affidavit does nothing to alter the PCRA court's correct conclusion that there is no evidence of the Commonwealth actually making a plea offer to [Speights,]" because "[t]he fact that the detective had [a] conversation [about a possible plea offer] with the victim's grandmother, even if accepted as true, does not establish that the Commonwealth extended a plea offer." Appellee's Brief, at 26-27. We agree with the Commonwealth.

Relevant here is Section 9545(b)(1)(ii), the newly discovered facts exception. For a petitioner to establish that the newly discovered facts exception applies, the petitioner must "demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests."

*Commonwealth v. Williams*, 324 A.3d 569, 576 (Pa. Super. 2024) (citation omitted). "Due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Smith*, 194 A.3d 126, 134 (Pa. Super. 2018) (citation omitted). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Balestier-Marrero*, 314 A.3d 549, 554 (Pa. Super. 2024) (citations omitted). Additionally, "[t]he facts must be newly-discovered not merely newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." *Mickeals*, 335 A.3d at 21 (internal quotation marks and citation omitted).

Speights' claim relies on him establishing the predicate fact that a plea offer was made to his trial counsel which was then not communicated to him. *See Commonwealth v. Brown*, 350 A.3d 12, 29-32 (Pa. 2026). He presented affidavits and testimony that created a genuine issue of material fact, but based on the evidence presented he failed to prove the existence of a plea offer. Accordingly, the PCRA court explained why Speights failed to establish the newly discovered facts exception.

> [T]here is nothing in the record, PCRA pleadings, and evidence derived during the evidentiary hearing showing due diligence on Allie Speights' part in learning anything about the **unproven** Commonwealth offer. The truth is [] Speights' case has been the focus of a lot of litigation and all of his appeals have been unsuccessful. Notwithstanding the outcome of these appeals, **the**

> **PCRA court determined it was unproven, and unbelievable, the Commonwealth made an offer to [] Speights and he was not aware of it. The trial record is void, empty, of any evidence concerning an offer, as there were no notations in the Commonwealth or trial attorney files, no letters, nothing to suggest there were any communications between the parties regarding an offer, and most significantly, the Notes of Testimony from trial do not refer to any offers or contain any colloquy of [] Speights about any offer. The trial attorneys, for the Commonwealth and for [] Speights, both testified and neither could point to anything to support or substantiate the claim**. Additionally, [] Speights' father testified and the PCRA court was not persuaded by his testimony. [] Speights' smoking gun, the affidavit from Detective Rhoades who investigated the case, and who remarkably did not testify at the evidentiary hearing, indicated he spoke [to] Victim Alonzo Garvin's grandmother about her thoughts regarding a possible plea in the case. In view of all this, the PCRA determined the allegation, even if true, could have been ascertained by a modicum of due diligence. [] Speights did not prove the exception and his claim is time barred by the PCRA.

PCRA Court Opinion, 11/20/25, at 10-11 (emphasis added).

We discern no error. While the affidavit from Detective Rhoades may have created a genuine dispute of material fact, after an evidentiary hearing, the PCRA court found that Speights did not prove the existence of a plea offer. Specifically, Speights, his father, and trial counsel all offered competing testimony as to when, if at all, any plea deal were offered. There was no evidence to corroborate any of their testimony. The lead prosecutor testified that an offer was never made and this was corroborated by the lack of any documentation in the case file. Therefore, the PCRA court's finding that the Commonwealth did not make an offer to Speights that he was unaware of was supported by the record.

In his counseled reply brief, Speights asserts that Detective Rhoades' testimony would have helped establish the existence of a plea offer and that his PCRA counsel was ineffective for failing to request a continuance so that Detective Rhoades could testify. *See* Reply Brief, at 4-10. We disagree. In his affidavit, Detective Rhoades stated that he "would not approach a family concerning a possible plea unless instructed by the Office of the District Attorney to gage (sic) the feelings of the family." Affidavit, 7/15/22. Accepting this statement as being truthful, it does not establish that afterwards a plea offer was actually made to Speights or his counsel. Detective Rhoades states he was unaware whether Speights was ever informed about "the possibility of a plea agreement." *Id.*

Neither are we persuaded by Speights' argument that the PCRA court erred by disregarding Detective Rhoades' affidavit. *See* Appellant's Brief, at 40-44. This claim is belied by the PCRA court's above explanation in which it expressly states that the affidavit only established Detective Rhoades talked to the victim's grandmother about her thoughts on the possibility of a plea offer. *See* PCRA Court Opinion, 11/20/25, at 11. Therefore, for all of these reasons, we conclude the PCRA court did not err when it dismissed Speights' PCRA petition as untimely, with no timeliness exception proven. Speight's first two issues do not merit relief.

In his third issue, Speights argues that Detective Rhoades' affidavit established the existence of a plea offer, and trial counsel's failure to

communicate the offer to him is clearly ineffective assistance of counsel. *See* Appellant's Brief, at 45-49. Because the PCRA petition is untimely we may not consider the merits of his substantive claim. ***See Mickeals***, 335 A.3d at 20. Further, as the Commonwealth points out, and as we previously explained, his ineffective assistance of counsel claim is predicated on the existence of a plea offer of which he was not informed; however, the PCRA court found that Speights failed to prove that a plea offer existed. ***See*** Appellee's Brief, at 27-31. Therefore, Speights is not entitled to relief.

Speights' fourth argument, that the PCRA court erred by failing to include adequate findings of fact and conclusions of law in its order dismissing his PCRA petition, similarly lacks merit. In support of his argument, Speights cites to Pa.R.Crim.P. 908(D) and ***Commonwealth v. Montalvo***, 114 A.3d 401 (Pa. 2015). ***See*** Appellant's Brief, at 30-34.[2] The Commonwealth argues that a remand is not necessary because the PCRA court adequately explained its findings and reasoning in its 1925(a) opinion such that this Court is able to conduct meaningful appellate review. ***See*** Appellee's Brief, at 15-18. We agree with the Commonwealth.

Rule 908(D)(1), states that

_____

[2] Speights completely misquotes Rule 908(D) and includes numerous quotes that he cites to but that do not exist. For example, Speights includes the following citation and quotation: ***Commonwealth v. O'Brien***, 836 A.2d 966, 971 (Pa. Super. 2003) ("Failure to comply with the mandatory provisions of Rule 908 is not harmless error."). ***See*** Appellant's Brief, at 34. That quote appears nowhere in ***O'Brien***.

(D) Upon the conclusion of the hearing the judge shall determine all material issues raised by the defendant's petition and the Commonwealth's answer, or by the Commonwealth's motion to dismiss, if any.

> (1) If the judge dismisses the petition, the judge promptly shall issue an order denying relief. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 908(D)(1).

Rule 908(D)(1) does not explicitly require findings of fact and conclusions of law to be included in the order dismissing a PCRA petition. However, "in order to enable appellate review, PCRA courts are required to provide a legally robust discussion, complete with clear findings of fact where required." **Montalvo**, 114 A.3d at 410 (internal quotation marks and citations omitted). Accordingly, when a PCRA court does not issue findings of fact and conclusions of law in its order dismissing a PCRA petition, a remand is only necessary if the PCRA court does not provide the pertinent findings in its 1925(a) opinion. **See id.** at 411-12 (vacating and remanding where *both* the PCRA court's order and its 1925(a) opinion did not contain findings of fact and conclusions of law to allow for meaningful appellate review).

Here, the PCRA court wrote a detailed 1925(a) opinion to allow this Court to conduct meaningful appellate review. Therefore, Speights' fourth claim is without merit, and a remand is not warranted.

Lastly, Speights argues that the PCRA court abdicated its judicial role by mentioning in the order dismissing his petition that Speights should seek

clemency with the executive branch. **See** Appellant's Brief, at 50-53.[3] The Commonwealth argues that the PCRA court did not shirk its responsibilities as it fully considered and ruled on the matter. **See** Appellee's Brief, at 31-33. We agree with the Commonwealth.

In a footnote to the order dismissing his PCRA petition, the PCRA court stated that it was "inclined but without authority to provide relief to Mr. Speights," and suggested that Speights submit a clemency application to the Board of Pardons. Order, 3/28/25, at 3 n.1. The PCRA court did not shirk its judicial responsibility. As discussed in this memorandum, it fully considered Speights claim and in light of correctly concluding that Speights was not entitled to relief, the PCRA court suggested that the best route for Speights— a serial PCRA petitioner serving a life sentence—to obtain relief is through clemency. Although we commend the PCRA court for its display of compassion, no relief is due to Speights on this contention.

For the foregoing reasons, we affirm.

Order affirmed.

_____

[3] Again, Speights' brief contains erroneous quotes. He purports to quote **Commonwealth v. Lesko**, 15 A.3d 345 (Pa. 2011) stating "[i]t is not the proper role of a judge to suggest that a defendant seek clemency." **See** Appellant's Brief, at 50-51. **Lesko** does not contain that quote, and we have found no Pennsylvania case that does either.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/13/2026